UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| JAMES RILEY JOHNSON, JR. | ) | CASE: A25-58917-JRS |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION**
**AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The plan as proposed will extend to eighty-eight (88) months, which exceeds the sixty (60) months allowed by 11 U.S.C. Section 1322(d).

3.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com.

4.

The Debtor has failed to file the sixty (60) days of pay advices pursuant to 11 U.S.C. Section 521(a)(1).

5.

The Trustee requests proof of the Debtor's current income in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

6.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor's income is overstated on Schedule I and should reflect a yearly salary of $130,000.00.

7.

The Debtor's plan provides for adequate protection payments to be paid to Lendmark Financial Services, LLC. This creditor has filed a proof of claim as a general unsecured creditor, therefore, the Trustee opposes the payment of adequate protection as this creates an impermissible class of claims. 11 U.S.C. Section 1322(a)(3).

8.

The 2016(b) Disclosure Statement and the Chapter 13 plan are inconsistent with regard to the attorney's fees received pre-petition and/or to be paid in the plan in violation of 11 U.S.C. Section 329 and Bankruptcy Rules 2016(b) and 2017.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 1st day of October, 2025.

                                                  Respectfully submitted,

                                                  /s/_____
                                                  Maria C. Joyner
                                                  Attorney for the Chapter 13 Trustee
                                                  State Bar No. 118350

# CERTIFICATE OF SERVICE

Case No:  A25-58917-JRS

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

JAMES RILEY JOHNSON, JR.
1175 OLD HICKORY ST.
DECATUR, GA  30032

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

CLARK & WASHINGTON, P.C.

This the 1st day of October, 2025.

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201